UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**THE HANOVER INSURANCE COMPANY,**
individually and as assignee of 5 Torrey Hills LLC,

      **Plaintiff,**

v.

**BARGER GROUP LLC,**

      **Defendant.**

Case No. : _____

JUDGE: _____

MAGISTRATE: _____

## COMPLAINT

Plaintiff, by and through counsel, and for cause of action against Defendant, states as follows:

## THE PARTIES

1. Plaintiff, The Hanover Insurance Company ("**Hanover**"), is a corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts.

2. Defendant, Barger Group LLC ("**Barger**") is a limited liability company organized under the laws of Tennessee with its principal place of business in Tennessee.

3. Defendant, Barger Group LLC, may be served with process upon its registered agent, Jeffrey Vincent Barger, 106 Ferrell Avenue, Suite 6, Kingsport, Tennessee 37663-2371.

4. Assignor, 5 Torrey Hills, LLC, is a limited liability company organized under the laws of California with its principal place of business in California.

1

## JURISDICTION AND VENUE

5. Jurisdiction exists pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391 because it is the judicial district: (a) in which Barger resides; (b) in which a substantial part of the events or omissions giving rise to the claim occurred; and (c) in which a substantial part of property that is the subject of the action is situated.

## FACTS

6. Hanover, an insurance company, issued a policy of insurance to 5 Torrey Hills LLC ("**5TH**") for the property located at 530 S. Gay Street, Knoxville, Tennessee, also known as The Farragut Building (the "**Insured Premises**"), bearing Policy No. 0D5-4533575-05, with a policy period of October 28, 2013 to October 28, 2014, (the "**Policy**").

7. The Policy was the fifth renewal of the original policy.

8. The original policy and all renewals were procured by Barger, a licensed insurance producer.

9. At all times pertinent hereto, Barger was acting, whether expressly or by implication, as: (a) an agent and/or broker for 5TH; (b) an agent and/or broker for Hanover; or (c) an agent and/or broker of both 5TH and Hanover.

10. The Policy provides, in pertinent part:

> **b. Vacancy Provisions**
>
> If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:
>
> **(1)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

2

PD.17770910.2
Case 3:15-cv-00349-TAV-CCS   Document 1   Filed 08/11/15   Page 2 of 9   PageID #: 2

        **(a)**    Vandalism;

        **(b)**    Sprinkler leakage, unless you have protected the system against freezing;

        **(c)**    Building glass breakage;

        **(d)**    Water damage;

        **(e)**    Theft; or

        **(f)**    Attempted theft.

    **(2)**    With respect to Covered Causes of Loss, other than those listed in b.(1)(a) through b.(1)(f) above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

11. On January 9, 2014, a fire suppression system pipe burst, resulting in damage to the Insured Premises.

12. As a consequence, 5TH submitted a claim under the Policy.

13. In the course of adjusting 5TH's claim, Hanover learned that the Insured Premises had been vacant, as defined by the Policy, for approximately six (6) years; thus, the Insured Premises was vacant at the time Barger procured the original policy and all renewals from Hanover.

14. Because the Insured Premises was vacant, as defined by the Policy, Hanover denied 5TH's claim.

15. At all times pertinent hereto, Barger knew or should have known, through the exercise of reasonable diligence, that the Insured Premises was vacant and that the Policy it procured for 5TH provided no coverage for certain potential losses.

16. Indeed, the Insured Premises is an historic property, situated on a main commercial thoroughfare through downtown Knoxville, and has been the subject of substantial media coverage.

17. Considering that the Insured Premises has been vacant for approximately six (6) years, and the Policy represents the fifth renewal of the original policy, Barger had ample opportunity to discover and inform both 5TH and Hanover of this lapse of coverage.

18. Upon information and belief, however, in the six (6) years since Barger procured the original policy from Hanover, Barger has never communicated with 5TH, whether in writing or verbally.

19. Barger also never informed Hanover that the Insured Premises was vacant at any time pertinent to this cause.

20. On or about, August 18, 2014, in an effort to avoid imminent litigation, Hanover settled and compromised 5TH's claim for the January 9, 2014 loss for a total of $191,143.87, representing a $71,143.87 payment to 5TH, and a $120,000.00 payment by Hanover directly to Greenway Enterprises, LLC, d/b/a Servpro, with which 5TH contracted to remediate the water damage.

21. In connection with the compromise agreement, a copy of which is attached hereto and marked for identification as "**Exhibit A**," 5TH assigned unto Hanover all rights it has to recover from third-parties, including Barger, all sums paid to compromise the claim.

22. Hanover, individually and as assignee of 5TH, has made amicable demand upon Barger for the sums paid to compromise 5TH's claim in the total amount of $191,143.87 to no avail.

### CAUSES OF ACTION

#### I. <u>Negligence (for breach of duties owed to 5TH)</u>

23. Hanover hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 as if more fully set forth herein.

24. Barger owed 5TH a legal duty to procure coverage which was adequate for 5TH's needs and suitable for its purpose, namely full coverage for losses occurring when the Insured Premises were vacant.

25. Barger failed to procure the coverage for 5TH which was adequate for its needs and suitable for its purpose, and thereby breached the standard of care required of persons and entities in Barger's industry.

26. But for Barger's breach of its duty, 5TH's claim for loss would not have been denied and it would have been entitled to full coverage for its loss.

27. As a result of Barger's breach of its duty, 5TH sustained damages, which damages are recoverable by Hanover in its capacity as 5TH's assignee.

## II. Breach of Contract (with 5TH)

28. Hanover hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 27 as if more fully set forth herein.

29. 5TH entered into an agreement with Barger to obtain a policy of insurance fully covering the Insured Premises when vacant.

30. The agreement entered into between 5TH and Barger is an enforceable contract.

31. Barger's nonperformance of its agreement to obtain a policy of insurance fully covering the Insured Premises when vacant is a material breach of the contract.

32. Barger's breach of the contract caused damages to the detriment of 5TH, which damages are recoverable by Hanover in its capacity as 5TH's assignee.

## III. Failure to Procure Insurance (for 5TH)

33. Hanover hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 as if more fully set forth herein

5
PD.17770910.2
Case 3:15-cv-00349-TAV-CCS   Document 1   Filed 08/11/15   Page 5 of 9   PageID #: 5

34. Barger entered into agreement with 5TH to obtain a policy of insurance fully covering the Insured Premises when vacant.

35. Barger failed to use reasonable diligence in attempting to place 5TH's requested insurance and/or failed to notify 5TH promptly of any such failure.

36. Barger's actions warranted 5TH's assumption that the Insured Premises were fully and properly insured against losses occurring whether vacant or not.

37. Barger's failure to procure the requested insurance coverage has caused damages to the detriment of 5TH, which damages are recoverable by Hanover in its capacity as 5TH's assignee.

### IV.     Negligence (for breach of duties owed to Hanover)

38. Hanover hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37 as if more fully set forth herein.

39. As its agent, Barger owed Hanover a fiduciary duty, requiring Barger to exercise good faith and reasonable diligence.

40. Barger further owed Hanover a legal duty to make a full and timely disclosure of all matters concerning the risks and hazards of insuring the Insured Premises.

41. Barger further owed a duty to disclose material information concerning the Insured Premises which Barger knew or should have known through the exercise of reasonable diligence.

42. Barger failed to make a full and timely disclosure of all matters concerning the risks and hazards of insuring the Insured Premises and failed to disclose material information concerning the Insured Premises which Barger knew or should have known through the exercise of reasonable diligence, and thereby breached the standard of care required of persons and entities in Barger's industry.

6

43. But for Barger's breach of its duties, Hanover would not have issued the Policy, or would have issued the Policy in exchange for a higher premium, and would not have suffered a loss.

44. As a result of Barger's breach of its duties, Hanover sustained damages.

## V. Breach of Contract (with Hanover)

45. Hanover hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 44 as if more fully set forth herein.

46. Barger entered into an agency agreement with Hanover generally requiring Barger to exercise good faith and reasonable diligence and to disclose by prompt communication all material knowledge of facts possessed by Barger relating to matters within Barger's charge, including, material information concerning the Insured Premises.

47. The agreement entered into between Hanover and Barger is an enforceable contract.

48. Barger's nonperformance of its agreement to exercise good faith and reasonable diligence and to disclose by prompt communication all material knowledge of facts possessed by Barger relating to matters within Barger's charge is a material breach of the contract.

49. Barger's breach of the contract caused damages to the detriment of Hanover.

## DAMAGES

50. Hanover hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 51 as if more fully set forth herein.

51. As a result of Barger's wrongful conduct, Hanover has suffered damages of not less than $191,143.87, the amount paid in compromise of 5TH's claim.

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Hanover prays:

A. That this Complaint be received and filed, and that proper process issue and be served upon Barger requiring it to answer within the time and manner prescribed by law;

B. That Hanover have and recover a judgment of and from Barger providing for the restitution of the full amount of Hanover's compensatory damages in the amount that the Court finds to be appropriate and just based on the proof and the applicable law, in a total amount not less than $191,143.87, subject to revision as additional information becomes available, plus interest and attorney's fees;

C. That all costs of this action and any expert fees be taxed and charged to Barger;

D. That Hanover has any and all other and further general relief as this Court deems appropriate and to which Hanover may prove entitled.

Respectfully submitted this 11th day of August, 2015.

           EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.

           By: /s/Rockforde D. King
           Rockforde D. King, Esq., BPR #11561
           Reuben, N. Pelot, IV, Esq., BPR #14986
           Egerton, McAfee, Armistead & Davis, P.C.
           Post Office Box 2047
           900 S. Gay Street, Suite 1400
           Knoxville, TN 37901-2047
           Telephone: (865) 546-0500
           Telecopier: (865) 525-5293
           RKING@EMLAW.COM

PHELPS DUNBAR, LLC

BY: ___/s/Mark C. Dodart_____
    Mark C. Dodart, Esq.  PRO HAC VICE
    Jeffrey A. Clayman, Esq.  PRO HAC VICE
    Phelps Dunbar LLP
    Canal Place | 365 Canal Street, Suite 2000
    New Orleans, Louisiana 70130-6534
    Telephone: 504-566-1311
    Telecopier: 504-568-9130
    Mark.Dodart@phelps.com
    Jeffrey.Clayman@phelps.com

    ATTORNEYS FOR THE HANOVER
    INSURANCE COMPANY

8404/3/Original Complaint (4) revised by KAD
715329v3

Case 3:15-cv-00349-TAV-CCS   Document 1   Filed 08/11/15   Page 9 of 9   PageID #: 9